# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO WINSTON SMITH,<br><br>Defendant.<br>_____ | CASE NO. SACR 07-69 AG<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS |

Before the Court is the Motion of Defendant Leo Winston Smith ("Defendant") for Disclosure of Grand Jury Materials ("Motion"). Defendant contends that conduct of the Government before the indicting grand jury in this case deprived him of his constitutional right to due process and an impartial grand jury. He argues that he needs to inspect the transcripts to find evidence for a motion to dismiss. After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court DENIES the Motion.

## BACKGROUND

On April 25, 2007, Defendant was charged in an Indictment ("Indictment") with conspiracy to violate the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-2. Defendant was indicted for allegedly bribing officials at the United Kingdom Ministry of Defense ("UK-MOD") to win contracts for his employer Pacific Consolidated Industries, LP ("PCI"). The Indictment alleged, among other things, that Defendant (1) was an "Executive Vice President . . . at PCI," (Indictment ¶ 3); (2) that he created shell entities named "Design Smith, Inc.," "DSI," and "DSI International," to "facilitate the payment of bribes to . . . [a United Kingdom Ministry of Defense official known as] the Project Manager," (Indictment ¶ 7); (3) that "PCI paid defendant SMITH approximately $500,000 in commissions," (Indictment ¶ 13); (4) that "PCI . . . paid defendant Smith $140,000 as an advance of commissions relating to [a] Contract," (Indictment ¶ 35); and (5) that Defendant had "[a] [r]elative" removed "as the recipient of commissions relating to UK-MOD Contracts and replace him with a PCI sales representative who covered the territory of Brazil," (Indictment ¶ 39) (collectively "Allegations").

Defendant has filed this Motion, arguing that certain facts and documents in the Government's possession prove that the Allegations are false, and that making such allegations before the grand jury was improper. Defendant seeks to use the information he would gain by accessing the grand jury materials in a later motion to dismiss.

## LEGAL STANDARD

The Fifth Amendment of the Constitution provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." This guarantee of indictment before a grand jury guarantees an investigative body "acting independently of either prosecuting attorney or judge." *United States v. Dionisio*, 410 U.S. 1, 16 (1973) (quoting *Stirone v. United States*, 361 U.S. 212, 218 (1960)). Differently stated, "nothing

more is constitutionally required of an indictment than that it be 'returned by a legally constituted and unbiased grand jury.'" *United States v. Samango*, 607 F.2d 877, 881 (9th Cir. 1979) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).

Grand jury proceedings are presumptively secret. Fed. R. Crim. Pr. 6(e). However, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that a court may authorize disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Courts have interpreted this to mean that defendants seeking disclosure of grand jury materials must show a "particularized and compelling need" for the materials. *U.S. Industries, Inc. v. U.S. Dist. Court for Southern Dist. of Cal., Central Division*, 345 F.2d 18, 21 (9th Cir. 1965). This particularized need can arise in the context of "unfair or improper prosecutorial conduct." *Samango*, 607 F.2d at 881 (quoting *United States v. Chanen*, 549 F.2d 1306, 1309 (9th Cir. 1977) (citations and footnotes omitted)).

To show that a ground may exist to dismiss the indictment based on prosecutorial misconduct, a defendant must show that misconduct "substantially influenced the grand jury's decision to indict, or . . . [that] there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). But "mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy." *United States v. Ferrebouef*, 632 F.2d 832, 835 (9th Cir. 1980).

A defendant may not challenge an indictment for dismissal "on the ground that there was inadequate or incompetent evidence before the grand jury." *Costello*, 350 U.S. at 402; *Samango*, 607 F.2d at 880 n.6. "[O]nly in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977), *cert. denied*, 435 U.S. 944 (1978). The Court "will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such

1  an extent as to be arbitrary and capricious and violative of due process." *Samango*, 607 F.2d at
2  881 (citing *United States v. Welch*, 572 F.2d 1359, 1360 (9th Cir. 1978), *cert. denied*, 439 U.S.
3  842 (1978)).  Ultimately, there is a presumption of regularity that attaches to grand jury
4  proceedings.  *See, e.g.*, *Hamling v. United States*, 418 U.S. 87, 129 n.23 (1974).
5      "[T]he examination for the presence of the particularized need must be undertaken first
6  and then, if shown, it will be evaluated against the need for continued secrecy." *United States v.*
7  *Welch*, 201 F.R.D. 521, 524 (D. Utah 2001) (citing *In re Special Grand Jury 89-2*, 143 F.3d 565,
8  571 (10th Cir. 1998); *United States v. Rockwell International Corp*, 173 F.3d 757, 759-60 (10th
9  Cir. 1999).  If a particularized need is shown, a defendant's need for grand jury material will be
10 balanced against the traditional policy considerations for grand jury secrecy.  *U.S. Industries.*,
11 345 F.2d at 21.  "[I]f the reasons for maintaining secrecy do not apply at all in a given situation,
12 or apply to only an insignificant degree, the party seeking disclosure should not be required to
13 demonstrate a large compelling need." *Id.*
14
15 **ANALYSIS**
16
17     Defendant alleges that disclosure of the grand jury transcripts will lead to evidence of "a
18 ground that may exist to dismiss Mr. Smith's indictment as a result of a matter that occurred
19 before the grand jury." (Motion 5:22-24); Fed. R. Crim P. 6(e)(3)(E)(ii).  Defendant identifies
20 "several gross factual errors" in the Allegations from the Indictment.  Defendant claims the
21 Government knew the Allegations were false when the Government presented them to the grand
22 jury. (Motion 6:7-10.)  Defendant argues that these alleged "factual errors" are sufficient
23 evidence of prosecutorial misconduct to show that cause may exist to dismiss the Indictment.
24     Here, Defendant asserts that the Allegations were false according to "documentary
25 evidence in the Government's possession at the time of the Indictment," (Motion, 6:16-19, 7:6-9,
26 7:12-13, 7:20-21, 7:27-28), and that certain facts in the record precluded certain conclusions
27 made by the grand jury, (Motion 6:22-25, 7:1-3).  But as the Government points out, Defendant
28

4

1  neither identifies what documents the Government possesses would contradict the Government's
2  allegations in front of the grand jury, nor does Defendant argue that the Government did not
3  have a basis for presenting the allegations that they did.
4        Because Defendant does not allege that the Government had no evidence supporting the
5  allegations in the indictment, Defendant's argument is essentially that the Government's
6  evidence supporting the allegations in the indictment was inadequate. But allegations that the
7  evidence presented to the grand jury was "inadequate or incompetent" are specifically rejected
8  as a basis to dismiss an indictment under *Costello*. 350 U.S. at 402. Thus, Defendant's
9  allegations, even if true, do not warrant dismissal. Because Defendant has not shown a
10 likelihood of succeeding on the merits of a motion to dismiss, Defendant has not shown a
11 particularized need to disclose grand jury transcripts.
12       Defendant argues that the Court should grant disclosure regardless, because the policies
13 underlying grand jury secrecy are no longer served here. But because Defendant has not shown
14 a particularized need to disclose grand jury transcripts, the Court need not balance his need
15 against the policy reasons for grand jury secrecy. Thus, Defendant has not shown he is entitled
16 to disclosure of the grand jury materials he seeks.
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED: April 21, 2008

_____
Andrew J. Guilford
United States District Judge