THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number: 209813
NICOLA J. MRAZEK
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3550
    Facsimile: (714) 338-3708
    E-mail:   Jennifer.Waier@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 07-69(A)-AG |
| Plaintiff, | |
| v. | <u>PLEA AGREEMENT FOR</u><br><u>DEFENDANT LEO WINSTON SMITH</u> |
| LEO WINSTON SMITH<br>a/k/a Lee Smith, | |
| Defendant. | |

1.    This constitutes the plea agreement between LEO WINSTON SMITH, also known as Lee Smith ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the United States Department of Justice, Criminal Division, Fraud Section (the "Fraud Section") (the USAO and the Fraud Section are, together, referred to as the "Department of Justice") in the above-captioned case. This agreement is limited to the Department of Justice and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

**PLEA**

2.      Defendant gives up the right to indictment by a grand jury and consents to the filing of a first superseding information, and agrees to plead guilty to that first superseding information. At the time of sentencing, the Department of Justice will dismiss the underlying indictment.

**NATURE OF THE OFFENSE**

3.      In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 371, the following must be true: (1) there was an agreement between two or more persons to commit at least one crime, specifically 15 U.S.C. § 78dd-2 (violation of the Foreign Corrupt Practices Act); (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

4.      In order for defendant to be guilty of a violation of Title 15, United States Code, Section 78dd-2 the following must be true: (1) defendant, as a domestic concern,[1] willfully made use of the mails or any means or instrumentality of interstate commerce; (2) corruptly; (3) in furtherance of an offer, payment, gift, promise to give, promise to pay or authorization of the payment of money or giving of anything of value either indirectly or directly; (4) to any foreign official, which means any officer or employee of a foreign government, or any department, agency, or instrumentality thereof, (5) for purposes of: (a) influencing acts and decisions of such foreign official in his official capacity; (b) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (c) securing an improper advantage; or (d) inducing such foreign official to use his influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist defendant and others known and unknown, in obtaining and retaining business for or with, or directing business to any person.

---

[1] The term "domestic concern," as defined in the FCPA, includes any individual who is a citizen, national, or resident of the United States. See 15 U.S.C. § 78dd-2(h)(1)(A).

2

Case No. CR 07-69(A)-AG

5.      In order for defendant to be guilty of count two, which charges a violation of 26 U.S.C. § 7212(a), the following must be true: (1) defendant corruptly endeavored; and (2) to obstruct and impede the due administration of the Internal Revenue laws.

## PENALTIES

6.      The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

7.      The statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7212(a) is: three years' imprisonment; a three-year period of supervised release; a fine of $5,000, whichever is greater; a mandatory special assessment of $100; and a mandatory order of restitution to the United States.

8.      Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: eight years' imprisonment; a three-year period of supervised release; a fine of $255,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greater; and a mandatory special assessment of $200.

9.      Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.      Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

11.      Defendant further understands that his conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or

3                                                    Case No. CR 07-69(A)-AG

1 revocation of a professional license. Defendant understands that unanticipated collateral
2 consequences will not serve as grounds to withdraw defendant's guilty plea.

3                                    **FACTUAL BASIS**

4          12.     Defendant and the Department of Justice agree and stipulate to the statement of
5 facts set forth below. This statement of facts includes facts sufficient to support a plea of
6 guilty to the charges described in this agreement. It is not meant to be a complete recitation of
7 all facts relevant to the underlying criminal conduct or all facts known to defendant that relate
8 to that conduct.

9          13.     At all times relevant to this plea agreement, defendant, a citizen of the United
10 States, was a domestic concern. From 1998 to approximately 2003, defendant was acting as
11 Director of Sales and Marketing at Pacific Consolidated Industries, LP ("PCI"), headquartered
12 in Santa Ana, California. PCI was a company engaged in the manufacture of Air Separation
13 Units ("ASUs") and Nitrogen Concentration Trolleys ("NCTs") for defense departments
14 throughout the world. Defendant's main responsibility at PCI was to obtain business from,
15 and negotiate contracts with, various domestic and international clients, including the United
16 Kingdom Ministry of Defense ("UK-MOD"), Defense Logistics Organization, Royal Air
17 Force ("RAF") Base Wyton in Cambridgeshire, England. UK-MOD, including its Defense
18 Logistics Organization, was a department, agency, and instrumentality of the United Kingdom
19 of Great Britain and Northern Ireland (the "United Kingdom").

20          14.     During 2000 through 2003, a citizen of the United Kingdom was a civil servant
21 and an employee of UK-MOD (the "UK-MOD Employee"). As an employee of UK-MOD,
22 the UK-MOD Employee was a foreign official. The UK-MOD Employee was involved in the
23 procurement of certain equipment for UK-MOD and took part in the review of requests for
24 proposals for UK-MOD contracts, otherwise known as "tenders." As a result of his position at
25 UK-MOD, the UK-MOD Employee was able to influence the awarding of UK-MOD contracts
26 for services and equipment.

27          15.     Beginning in or about 1999, and continuing to an unknown date, defendant
28 conspired with the President of PCI (the "President"), to pay bribes and authorize the payment

                                         4                    Case No. CR 07-69(A)-AG

1   of bribes to and for the benefit of the UK-MOD Employee in order to obtain and retain

2   lucrative UK-MOD contracts for PCI. Defendant and the President obtained the lucrative

3   contracts. Beginning in or about 1999, and continuing to in or about April 2002, defendant

4   and the President caused approximately $71,350 in payments to be made to the UK-MOD

5   Employee in return for the award to PCI of UK-MOD Contracts. To facilitate these bribe

6   payments, on October 21, 1999, the President executed a spurious marketing agreement

7   between PCI and the Relative for consulting/marketing services to customers in Europe at a

8   rate of $5,000 for two quarters.

9        16.    In addition, defendant corruptly endeavored to obstruct and impede the due

10  administration of the Internal Revenue laws by, among other things, under-reporting income

11  on his 2003 tax return and failing to file a 2003 tax return for Design Smith, Inc., a Nevada

12  corporation.

13               **WAIVER OF CONSTITUTIONAL RIGHTS**

14       17.    By pleading guilty, defendant gives up the following rights:

15              a)    The right to persist in a plea of not guilty.

16              b)    The right to a speedy and public trial by jury.

17              c)    The right to the assistance of legal counsel at trial, including the right to

18  have the Court appoint counsel for defendant for the purpose of representation at trial. (In this

19  regard, defendant understands that, despite his plea of guilty, he retains the right to be

20  represented by counsel - and, if necessary, to have the court appoint counsel if defendant

21  cannot afford counsel - at every other stage of the proceedings.)

22              d)    The right to be presumed innocent and to have the burden of proof placed

23  on the government to prove defendant guilty beyond a reasonable doubt.

24              e)    The right to confront and cross-examine witnesses against defendant.

25              f)    The right, if defendant wished, to testify on defendant's own behalf and

26  present evidence in opposition to the charges, including the right to call witnesses and to

27  subpoena those witnesses to testify.

28  ///

                                5                    Case No. CR 07-69(A)-AG

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

18.    By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

19.    Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

20.    Defendant and the Department of Justice agree and stipulate to the following applicable sentencing guideline factors if $71,350 in payments are considered the relevant conduct:[2]

Count One

| Base Offense Level: | 8 | [U.S.S.G. § 2B1.4(a)] |
|---|---|---|
| More than $70,000 in bribes, but less than $120,000: | 8 | [U.S.S.G. §§ 2B1.4(b)(1)(B); 2B1.1(B)(1)(E)] |
| Offense Level: | 16 | |

Count Two

| Offense Level: | 14 | [U.S.S.G. § 2J1.2] |
|---|---|---|

Grouping

| Highest Offense Level | 16 | [U.S.S.G. §§ 3D1.1(a)(2), 3D1.2(d), 3D1.3(b)][3] |
|---|---|---|

---

[2] The parties stipulate and agree that the use of the 2001 Guidelines Manual is appropriate for Count One, and the 2003 Guideline Manual is appropriate for Count Two.

[3] Because the charged counts are grouped together pursuant to U.S.S.G. § 3D1.2(d), the offense guideline that produces the highest offense level shall be applied. See U.S.S.G. § 3D1.3(b).

Case No. CR 07-69(A)-AG

| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(a) & (b)] |

Total Offense Level    13

21.    The Department of Justice maintains that an additional $276,617 in payments made in 2003 were also bribes in violation of the FCPA. If the Department of Justice proves at the time of sentencing that these additional payments were in violation of the FCPA, the parties agree and stipulate to the following applicable sentencing guideline factors:[4]

Count One

| Base Offense Level: | 10 | [U.S.S.G. § 2C1.1(a)] |
| More than $200,000 in bribes, but less than $400,000: | 12 | [U.S.S.G. §§ 2C1.1(b)(2); 2B1.1(B)(1)(G)] |
| Offense Level: | 22 | |

Count Two

| Offense Level: | 14 | [U.S.S.G. § 2J1.2] |

Grouping

| Highest Offense Level | 22 | [U.S.S.G. §§ 3D1.1(a)(2), 3D1.2(d), 3D1.3(b)][5] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(a) & (b)] |

Total Offense Level    19

22.    In addition, if the Department of Justice proves at the time of sentencing that these additional payments were in violation of the FCPA, the Department of Justice will argue that this constituted more than one bribe under U.S.S.G. §§ 2C1.1(b)(1) warranting a two level increase in the Count One offense level to an offense level of 24, resulting in a total offense level of 21. Defendant will be free to argue against the two level increase.

[4] If the additional payments are found to be violations of the FCPA, the parties stipulate and agree that use of the 2003 Guidelines Manual is appropriate.

[5] Because the charged counts are grouped together pursuant to U.S.S.G. § 3D1.2(d), the offense guideline that produces the highest offense level shall be applied. See U.S.S.G. § 3D1.3(b).

7

Case No. CR 07-69(A)-AG

1    23.    Except as provide above, the Department of Justice and defendant will not argue

2    for any additional specific offense characteristics, adjustments, or departures.

3    24.    Under either guideline calculation above, defendant reserves the right to argue

4    for downward variances under <u>Booker</u> based on his age and health.

5    25.    There is no agreement as to defendant's criminal history or criminal history

6    category.

7    26.    The stipulations in this agreement do not bind either the United States Probation

8    Office or the Court. Both defendant and the Department of Justice are free to: (a) supplement

9    the facts by supplying relevant information to the United States Probation Office and the

10   Court, and (b) correct any and all factual misstatements relating to the calculation of the

11   sentence.

12                    **DEFENDANT'S OBLIGATIONS**

13   27.    Defendant agrees that he will:

14            a)    Plead guilty as set forth in this agreement.

15            b)    Not knowingly and willfully fail to: (i) appear as ordered for all court

16   appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any

17   bond, and (iv) obey any other ongoing court order in this matter.

18            c)    Not commit any crime; however, offenses which would be excluded for

19   sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

20            d)    Not knowingly and willfully fail to be truthful at all times with Pretrial

21   Services, the U.S. Probation Office, and the Court.

22            e)    Pay the applicable special assessment at or before the time of sentencing

23   unless defendant lacks the ability to pay.

24            f)    Defendant hereby waives any statute of limitations defense he might now

25   have regarding the criminal offenses charged in the first superseding information.

26                **THE DEPARTMENT OF JUSTICE'S OBLIGATIONS**

27   28.    If defendant complies fully with all defendant's obligations under this

28   agreement, the Department of Justice agrees:

Case No. CR 07-69(A)-AG

1        a)     To abide by all sentencing stipulations contained in this agreement.

2        b)     At the time of sentencing, provided that defendant demonstrates an
3 acceptance of responsibility for the offense up to and including at the time of sentencing, to
4 recommend a two-level reduction in the applicable sentencing guideline offense level,
5 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional
6 one-level reduction if available under that section.

7        c)     To recommend that defendant be sentenced at the low end of the
8 applicable Sentencing Guidelines range.

9

**BREACH OF AGREEMENT**

10     29.    If defendant, at any time between the execution of this agreement and
11 defendant's sentencing on a non-custodial sentence or surrender for service on a custodial
12 sentence, knowingly violates or fails to perform any of defendant's obligations under this
13 agreement ("a breach"), the Department of Justice may declare this agreement breached. If
14 the Department of Justice declares this agreement breached, and the Court finds such a breach
15 to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the
16 Department of Justice will be relieved of all of its obligations under this agreement.

17     30.    Following a knowing and willful breach of this agreement by defendant, should
18 the Department of Justice elect to pursue any charge that was either dismissed or not filed as a
19 result of this agreement, then:

20        a)     Defendant agrees that any applicable statute of limitations is tolled
21 between the date of defendant's signing of this agreement and the commencement of any such
22 prosecution or action.

23        b)     Defendant gives up all defenses based on the statute of limitations, any
24 claim of preindictment delay, or any speedy trial claim with respect to any such prosecution,
25 except to the extent that such defenses existed as of the date of defendant's signing of this
26 agreement.

27        c)     Defendant agrees that: i) any statements made by defendant, under oath,
28 at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and

                 Case No. CR 07-69(A)-AG

1   iii) any evidence derived from such statements, are admissible against defendant in any future

2   prosecution of defendant, and defendant shall assert no claim under the United States

3   Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal

4   Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence

5   derived from any statements should be suppressed or are inadmissible.

6   **LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK**

7        31.     Defendant gives up the right to appeal any sentence imposed by the Court, and

8   the manner in which the sentence is determined, provided that: (a) the sentence is within the

9   statutory maximum specified above and is constitutional; (b) the Court in determining the

10  applicable guideline range does not depart upward in offense level or criminal history category

11  and determines that the total offense level is 21 or below; and (c) the Court imposes a sentence

12  within or below the range corresponding to the determined total offense level and criminal

13  history category. Defendant also gives up any right to bring a post-conviction collateral attack

14  on the conviction or sentence, except a post-conviction collateral attack based on a claim of

15  ineffective assistance of counsel, a claim of newly discovered evidence, or a retroactive

16  change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

17  Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of

18  supervised release imposed by the court, with the exception of the following: standard

19  conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions

20  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

21  authorized by 18 U.S.C. § 3563(b)(7).

22       32.     The Department of Justice gives up its right to appeal the sentence, provided

23  that: (a) the Court in determining the applicable guideline range does not depart downward in

24  offense level or criminal history category; (b) the Court determines that the total offense level

25  is 21 or above; and (c) the Court imposes a sentence within or above the range corresponding

26  to the determined total offense level and criminal history category.

27  ///

28  ///

Case No. CR 07-69(A)-AG

## COURT NOT A PARTY

33.    The Court is not a party to this agreement and need not accept any of the Department of Justice's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

34.    Except as set forth herein, there are no promises, understandings or agreements between the Department of Justice and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35.    The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

///
///
///
///
///
///
///
///
///
///

Case No. CR 07-69(A)-AG

**EFFECTIVE DATE**

36.    This Agreement is effective upon signature by defendant, his attorney, an

Assistant United States Attorney with the USAO, and a Trial Attorney with the Fraud Section.

Defendant understands that this Agreement is contingent upon the approval of the Tax

Division of the United States Department of Justice, and that an Assistant United States

Attorney or Trial Attorney may not sign it unless and until such approval is granted.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney


_____          August 28, 2009
JENNIFER L. WAIER                                    Date
Assistant United States Attorney


FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE
STEVEN A. TYRRELL, Chief
MARK F. MENDELSOHN, Deputy Chief


_____          August 28, 2009
NICOLA J. MRAZEK, Trial Attorney              Date
Fraud Section, Criminal Division
U.S. Department of Justice

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12

1       I have read this agreement and carefully discussed every part of it with my attorney. I

2  understand the terms of this agreement, and I voluntarily agree to those terms. My attorney

3  has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and

4  of the consequences of entering into this agreement. No promises or inducements have been

5  made to me other than those contained in this agreement. No one has threatened or forced me

6  in any way to enter into this agreement. Finally, I am satisfied with the representation of my

7  attorney in this matter.

8

9

10  _____     _____

LEO WINSTON SMITH                          Date

11  Defendant

12       I am Leo Winston Smith's attorney. I have carefully discussed every part of this

13  agreement with my client. Further, I have fully advised my client of his rights, of possible

14  defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into

15  this agreement. To my knowledge, my client's decision to enter into this agreement is an

16  informed and voluntary one.

17

18

19  _____     _____

EDWARD PATRICK SWAN, JR.            Date

20  Counsel for Defendant

Leo Winston Smith

21

22

23

24

25

26

27

28  101186388.2

13                              Case No. CR 07-69(A)-AG